UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CARLA BURRIS,             )<br>      Plaintiff,      )<br>                    )<br>    v.             )<br>                    )<br>KILOLO KIJAKAZI, Acting Commissioner )<br>of the Social Security Administration,   )<br>      Defendant.     ) | CAUSE NO.: 1:21-CV-37-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Carla Burris on January 26, 2021, and Plaintiff's Opening Brief [DE 27], filed January 18, 2022. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On February 28, 2022, the Commissioner filed a response, and Plaintiff did not file a reply. For the following reasons, the Court remands the Commissioner's decision.

**I.   Background**

On March 26, 2018, Plaintiff filed an application for benefits alleging that she became disabled on March 21, 2018. Plaintiff's application was denied initially and upon consideration. On April 22, 2020, Administrative Law Judge ("ALJ") Stephanie Katich held a hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On August 19, 2020, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements through December 31, 2023.

2. The claimant has not engaged in substantial gainful activity since March 21, 2018, the alleged onset date.

1

3. The claimant has the following severe impairments: post-traumatic stress disorder (PTSD), agoraphobia, panic disorder, social anxiety, generalized anxiety disorder, and depression.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can understand, remember and carry out simple instructions and tasks, she can make judgments on simple work related decisions, she can respond appropriately to occasional and superficial interactions with coworkers and supervisors, she should avoid work activity requiring interactions with the general public, she can respond appropriately to usual work situations, and she can deal with routine changes in a routine work setting free from fast paced production requirements with few, if any, changes in terms of work setting, tools and processes.

6. The claimant is incapable of performing past relevant work.

7. The claimant was an individual closely approaching advanced age on the application date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not an issue because the claimant is not disabled.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 22, 2018, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 10].

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**II.     Standard of Review**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must "confront the[plaintiff's] evidence" and "explain why it was

rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2014). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III.     Analysis

Plaintiff argues that the ALJ erred by not incorporating the limiting effects of all of Plaintiff's combined impairments, specifically Plaintiff's hypertension impairment and its treatment with diuretics. The Commissioner argues that Plaintiff submitted no evidence that she experiences urinary urgency or frequency and excluding such limitations was therefore proper.

The "ALJ must also consider the combined effects of all the claimant's impairments, even those that would not be considered severe in isolation." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *see also Goins v. Colvin*, 764 F.3d 677, 681 (7th Cir. 2014) ("We keep telling the Social Security Administration's administrative law judges that they have to consider an applicant's medical problems in combination."); *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003). The ALJ found Plaintiff's hypertension to be a non-severe impairment. AR 18. The ALJ also found that Plaintiff experienced incontinence and urinary urgency and must go to the washroom about four times an hour. AR 18. The ALJ did not include any issues relating to urinary urgency or frequency in her first two hypotheticals to the VE. AR 69-71. When additional unscheduled breaks, multiple times per day were added to the hypothetical, the VE could not identify any work in the national economy. AR 73-74. The record does not

explain how the ALJ came to her conclusion that Plaintiff could perform work in light of this testimony by the VE. "A list of evidence punctuated with a conclusion does not discharge an ALJ's duty to form a logical bridge between the evidence and [her] conclusion that [Plaintiff] has no marked limitations." *Pimentel v. Astrue*, No. 11 CV 8240, 2013 U.S. Dist. LEXIS 2548, at *25 (N.D. Ill. Jan. 8, 2013); *see also Smith v. Astrue*, No. 02 CV 6210, 2011 U.S. Dist. LEXIS 17691, at *31 (N.D. Ill. Feb. 22, 2011) ("cataloguing [the evidence] is no substitute for analysis or explanation").

This case is being remanded for a new determination of the effects of Plaintiff's non-severe limitations in combination with her severe limitations and the new RFC should incorporate all limitations. The ALJ is reminded that "[w]hen an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record." *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009); *see also Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014); *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004).

On remand, the ALJ is directed to consider all the medical evidence and opinions in the record. The ALJ should fully consider each of Plaintiff's alleged impairments, alone and in combination, and provide a logical bridge from the evidence to his conclusion.

## VI.     Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 27] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 10th day of August, 2022.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record